UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| SAKIMA IBAN SALIH EL BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:04-cv-126-RJC |
| | ) | |
| BATTERY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF'S "MOTION TO STRIKE VOID JUDGMENT"**

Presently before the Court is Plaintiff Sakima Iban Salih El Bey's "Motion to Strike Void Judgment" (Doc. No. 28), which follows this Court's Order dismissing his case (Doc. No. 26).

The basis of the plaintiff's motion is as follows:

1. "Petitioners complaint from Title VII was filed within 90 days thus constituting 'a timely filing', where the court has purposely held, not allowed 'due process' to petitioner . . . 5th Amendment inter alia . . . ."

2. "[T]he initial application [to proceed *in forma pauperis*] was denied but miraculously accepted November 4th 2004. Thus, the Court deliberately held the case at bar to implement trickery, cunning judicial sabotage, and refuse to follow the laws of the United States . . . ."

3. " [Judge] Conrad has no jurisdiction or a delegated order of authority in this matter as a matter of law in regards to . . . Sakima Iban Salih El Bey."[1]

The plaintiff supports his motion, or at least his third argument, with pages of citations and quotations from apparently randomly selected cases dealing with legislative and executive authority.

The Court finds that the plaintiff's motion is frivolous on its face and, even under the most

---

[1] All Grammatical and typographical errors in original; ellipses added.

1

liberal construction, comes nowhere near meeting the requirements of Fed. R. Civ. P. 60(b). See Werner v. Carbo, 731 F.2d 204 (4th Cir. 1984).[2]

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's "Motion To Strike Void Judgement" (Doc. No. 28) **BE DENIED.**

Signed: March 19, 2008

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] To bring himself within Rule 60(b),

"the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Once the movant has made such a showing, he must proceed to satisfy one or more of the rule's six grounds for relief from judgment, which include "mistake, inadvertence, surprise, or excusable neglect" under subsection (1), "a prior judgment upon which [the judgment] is based has been reversed or otherwise vacated" under subsection (5), and "any other reason justifying relief from the operation of the judgment" under subsection (6)."

731 F.2d at 206 (citations omitted).